## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKEISHA TURNER | * |
| A/K/A JEWEL | * |
| 9949 Shoshone Way | * |
| Randallstown, Maryland 21333 | * |
| | * |
| And | * |
| | * |
| JENESE MITCHELL | * |
| A/K/A BARBIE | * |
| 4277 58th Avenue, Apt. T2 | * |
| Bladensburg, Maryland 20710 | * |
| | * |
| *On Behalf of Themselves and* | * |
| *All Others Similarly situated* | * |
| | * |
| PLAINTIFFS | * |
| | * |
| v. | *      Case No.: |
| | * |
| LINDA AND A., INC | * |
| D/B/A THE HOUSE | * |
| 3530 Georgia Ave. N.W. | * |
| Washington, D.C. 20010 | * |
| | * |
| SERVE:  CYRENE ALLEN | * |
| 17210 Queen Anne Road | * |
| Upper Marlboro, Maryland 20774 | * |
| | * |
| And | * |
| | * |
| DARRELL ALLEN | * |
| 17210 Queen Anne Road | * |
| Upper Marlboro, Maryland 20774 | * |
| | * |
| And | * |
| | * |
| CYRENE ALLEN | * |
| 17210 Queen Anne Road | * |
| Upper Marlboro, Maryland 20774 | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Akeisha Turner a/k/a Jewel ("Turner") and Jenese Mitchell a/k/a Barbie (together, "Plaintiffs") by and through their undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit their Collective Action Complaint against Defendants Linda and A., Inc. t/a/ The House ("House"), Darrell Allen ("Mr. Allen"), and Cyrene Allen ("Mrs. Allen") (collectively "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland.  Each Plaintiff's written consent to participate as a Plaintiff in a case under the FLSA is attached hereto as Exhibit 1.

2.      House is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3.      House is in the business of operating a nightclub and bar featuring nude exotic dancers.

4.      Mr. Allen is the principal owner and president of House.

5.      At all times, Mr. Allen held a substantial financial interest in House, was Plaintiffs' supervisor, participated in the day-to-day operation of the nightclub, and substantially participated in determining Plaintiffs' rate and method of pay.

6.      At all times, Mrs. Allen held a substantial financial interest in House, participated in the day-to-day operation of the nightclub, substantially participated in determining Plaintiffs' rate and method of pay, and was in charge of keeping and maintaining all employment records relating to Plaintiffs.

7.      At all times relevant, all three (3) Defendants were Plaintiffs' "employers" for purposes of the FLSA and DCMWA.

8.     During Plaintiffs' employment, House was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

9.     At all times relevant, House qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10.    At all times relevant, each Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

11.    This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12.    Turner was employed by Defendants as an exotic dancer at Defendants' House exotic dance club for the time period of about 1999 through about September 21, 2012.

13.    Mitchell was employed by Defendants as an exotic dancer at Defendants' House exotic dance club for the time period of about July 1, 2011 through October 20, 2012.

14.    While in Defendants' employ, Turner regularly and customarily worked about three (3) or more shifts per week for a total of about twenty (20) or more hours per week.

15.    While in Defendants' employ, Mitchell regularly and customarily worked about five (5) or more shifts per week for a total of about fifty-four (54) or more hours per week.

16.    At all times during Plaintiffs' employment, Defendants had knowledge of all hours that Plaintiffs worked and suffered or permitted Plaintiffs to work all hours alleged.

17.    At all times throughout Plaintiffs' employment with Defendants, Plaintiffs were employees of Defendants and were never independent contractors.

18.     While it is true that Defendants titled Plaintiffs as independent contractors, at all times while working for Defendants, Plaintiffs considered themselves as employees of Defendants and that Defendants were Plaintiffs' employers.

19.     At all times while Plaintiffs were employed by Defendants, Defendants controlled all aspects of Plaintiffs' job duties through strictly enforced employment rules.

20.     Defendants, at all times, had the ability to discipline Plaintiffs, fine Plaintiffs, fire Plaintiffs, and adjust Plaintiffs' schedule.

21.     Defendants, at all times, supervised Plaintiffs' work duties to make sure Plaintiffs' job performance was of sufficient quality.

22.     At all times while Plaintiffs were employed by Defendants, Plaintiffs' pay and opportunity for wages was limited to Plaintiffs' pay method set by Defendants.

23.     Defendants controlled all aspects of setting and controlling Plaintiffs' schedule.

24.     Plaintiffs were never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

25.     At no time did Plaintiffs make a financial investment in Defendants (the company) or any equipment belonging to Defendants.

26.     To perform the work duties that Plaintiffs performed for Defendants, Plaintiffs did not have or need any required certificate, education, or specialized training.

27.     At all times while Plaintiffs were employed by Defendants, Defendants were in the business of operating a night club featuring exotic dancers and at all times it was Plaintiffs' job duty to perform as exotic dancers for Defendants' customers.

28.     Plaintiffs did not perform work that is exempt from the minimum wage or overtime requirement of the FLSA or DCMWA.

29.     During the time Plaintiffs were in Defendants' employ, Defendants enforced a series of fees and fines requiring Plaintiffs to pay Defendants in order to go to work.

30.     For the majority of the time period that Plaintiffs worked, Defendants paid Plaintiffs no wages for work duties performed.

31.     Starting in about January 2012, Defendants attempted to pay Plaintiffs as tipped employees and attempted to use a "tip credit." In doing so, Defendants paid Plaintiffs at the rate of $3.00 per hour only for hours worked on stage, and not for all other hours worked by Plaintiffs.

32.     Defendants are not entitled to enjoy or otherwise utilize the benefit of the "tip credit" because Defendants did not pay Plaintiffs for all hours worked at the "tip credit" minimum wage and because, as a product of the fees and fines Defendants assessed on Plaintiffs, Plaintiffs did not keep all tips received from customers.

33.     Further, as a consequence of the fees and fines Defendants imposed on Plaintiffs, at no time did Defendants pay Plaintiffs $3.00 per hour, or any positive amount, because the net result of the fees and fines was that Plaintiffs' regular hourly rate was actually properly calculated in the negative.

34.     Each shift Plaintiffs worked, Defendants required Plaintiffs to pay Defendants a "tip in" fee in a pre-determined set amount by Defendants, ranging from $25.00 on week nights and Sunday night to $40.00 on Friday and Saturday night.

35.     In addition to the "tip in," Defendants required Plaintiffs to pay Defendants' disc jockey. On the weeknights and Sunday night, Plaintiffs paid the one (1) disc jockey $15.00. On Friday and Saturday nights, Defendants required Plaintiffs to pay the two (2) disc jockeys $20.00 per disc jockey, a total of $40.00.

36.     On a typical shift, Plaintiffs paid Defendants, through fines and fees, approximately $60.00 or more to go to work.

37.     An average shift worked by Plaintiffs ranged from six (6) hours to eleven (11) hours.  As a consequence, while in Defendants' employ, Plaintiffs average regular hourly rate ranged between negative ten dollars (-$10.00) per hour ($60.00 per night / 6 hours = -$10.00 per hour) to negative five dollars and forty-five cents (-$5.45) per hour ($60.00 per night / 11 hours = -$5.45 per hour).[1]

38.     At no time did Defendants pay Plaintiffs at an hourly rate at least equal to the Federal Minimum Wage ($7.25 per hour) or the District of Columbia Minimum Wage ($8.25 per hour).

39.     At no time did Defendants pay Plaintiffs for overtime hours worked at an hourly rate at least equal to the minimum Federal Overtime Rate ($7.25 * 1.5 = $10.88 per hour) or at an hourly rate at least equal to the minimum District of Columbia Overtime Rate ($8.25 * 1.5 = $12.38 per hour).

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed work duties as exotic dancers for Defendants at Defendants' House exotic night club.

41.     In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

42.     The essence of this entire case is that the Plaintiffs and others similarly situated individuals were improperly classified as independent contractors and, as a consequence, Defendants failed to pay these individuals wages and overtime compensation as required by Federal and District of Columbia law.

43.     Specifically, Plaintiffs and each class member are seeking unpaid minimum wages, overtime compensation, and damages from Defendants under the FLSA and DCMWA.

---

[1] During the time Defendants paid Plaintiffs $3.00 for only on-stage hours, the calculation differs, but still calculates to a net-negative regular hourly rate, less than the Federal and District of Columbia Minimum Wage.

44.     In the present case, the number of putative plaintiffs (individuals who have worked for Defendants between the dates October 24, 2009 and the present) is believed to exceed fifty (50) current and former exotic dancers.

45.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSE OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

46.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-45 above, as if each were set forth herein.

47.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

48.     At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

49.     At all times, all three (3) Defendants were Plaintiffs' "employers" under the FLSA.

50.     Each Defendant, as Plaintiffs' employer, was obligated to compensate Plaintiffs for all hours worked at an hourly rate not less than the Federal Minimum Wage.

51.     At all times relevant, Defendants paid Plaintiffs at a variable net negative regular hourly rate for non-overtime hours worked each week.

52.     At all times relevant, Plaintiffs' net negative hourly rate fell below the applicable Federal Minimum Wage.

53.     Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) at an hourly rate at least equal to the Federal Minimum Wage as required by the FLSA for numerous hours worked.

54.     Defendants' failure and refusal to pay compensation to Plaintiffs as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who join in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Federal Fair Labor Standards Act
### (Overtime)

55.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-54 above, as if each were set forth herein.

56.     Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than the _higher of_ one-and-one-half (1½) times the regular rate at which she is employed or one-and-one half times the Federal Minimum Wage.

57.     At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all three (3) Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

58.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times the higher of Plaintiffs' regular rate of pay or the applicable Federal Minimum Wage for all hours worked per week in excess of forty (40).

59.     As set forth above, while in Defendants' employ, Mitchell worked many hours each week in excess of forty (40).

60.     As set forth above, Defendants failed and refused to compensate Mitchell properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

61.     Defendants' failure and refusal to pay Mitchell as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Mitchell (and all other similarly situated individuals that join this action) under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

62.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-61 above, as if each were set forth herein.

63.     Plaintiff was an "employee," and all three (3) Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

64.     Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiff the minimum wage of at least the DCMWA Minimum Wage, $8.25 per hour.

65.     For all hours worked by Plaintiffs, Defendants paid Plaintiffs at a net negative regular hourly rate that fell below the DCMWA Minimum Wage.

66.     The DCMWA requires that an employer pay its employees, for a workweek longer than forty (40) hours, at a rate not less than the higher of one-and-one-half (1½) times the regular rate at which she is employed or one-and-one half times the District of Columbia Minimum Wage.

67.    As set forth above, while in Defendants' employ, Mitchell worked many hours each week in excess of forty (40).

68.    As set forth above, Defendants failed and refused to compensate Mitchell properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

69.    Defendants' failure and refusal to pay minimum wage compensation and overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count III, for all unpaid minimum wage compensation and overtime wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291

John J. McDonough, Bar No. MD18117
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com
           jmcdonough@zipinlaw.com

*Counsel for Plaintiffs*